## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TIMOTHY PRICE,**

**Plaintiff,**

**v.**

**MINNESOTA LIFE INSURANCE CO.**
**and SHERWIN-WILLIAMS CO.,**

**Defendants.**                                              **No. 06-CV-1040-DRH**

_____

## ORDER

**HERNDON, District Judge:**

This sua sponte Order is triggered by the Court's initial review of the complaint.[1] On December 29, 2006, Timothy Price filed suit against Minnesota Life Insurance Company and Sherwin-Williams Company in this Court based on diversity jurisdiction. (Doc. 2.) Price's complaint alleges that Price is a resident of Illinois (Doc. 2, ¶ 1), Minnesota Life is a Minnesota corporation with its principal place of business in Minnesota (Doc. 2, ¶ 3), and Sherwin-Williams is a Ohio corporation with its principal place of business in Ohio (Doc. 2, ¶ 4). The Court notes that this is not sufficient to establish diversity jurisdiction. The Seventh Circuit has held that "[w]hen the parties allege residence but not citizenship, the court must dismiss the

---

[1] This Court always undertakes a review of newly-filed complaints. ***See Wisconsin Knife Works v. National Metal Crafter*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.")**

Dockets.Justia.com

suit." ***Guaranty Nat'l Title Co. V. J.E.G. Assoc.*, 101 F.3d 57, 58 (7th Cir. 1996).**    Based on the information in the complaint, the Court cannot ascertain whether diversity jurisdiction exists.   However, rather than dismissing the case at this time, the Court **DIRECTS** Price to file an amended complaint that properly pleads the citizenship of each of the parties by February 5, 2007.  Failure to properly amend the complaint will result in the Court dismissing Price's complaint.

     **IT IS SO ORDERED.**

     Signed this 5th day of January, 2007.


          /s/      David   RHerndon
          **United States District Judge**