IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-1040-DRH-CJP |
| ) | |
| MINNESOTA LIFE INSURANCE CO., ) | |
| ) | |
| and ) | |
| ) | |
| SHERWIN-WILLIAMS COMPANY, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is plaintiff's motion to compel the depositions of certain employees of defendant Minnesota Life Insurance Company and to extend the discovery cutoff to permit those depositions. **(Doc. 36).** Defendant Minnesota Life, arguing that all of plaintiff's state law claims are preempted by ERISA, objects to its employees being deposed and seeks a protective order clarifying that the scope of discovery is limited to the administrative record. **(Docs. 39 and 40).** The Court recently granted plaintiff leave to amend his complaint to add an ERISA claim to his other state law claims. Nevertheless, the preemption issue remains and will ultimately have to be decided by Chief Judge Herndon. With that said, it falls to the undersigned Magistrate Judge to shepherd the parties through the discovery process in advance of the May 2008 trial setting.

If the defendant insurer is correct and ERISA preempts all state law claims and the scope of discovery is limited to the administrative record, then discovery appears to be complete at this juncture. However, if plaintiff is correct, the depositions of Minnesota Life's employees must be completed– hopefully by the current January 6, 2008, discovery cutoff. Although there is a

1

small amount of flexibility in scheduling matters, as the defendant points out, a party should not have to submit to discovery of matters that are irrelevant and/or outside the scope of discovery. *See Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 981-982 (7th Cir. 1999).

Without offering any opinion regarding how Chief Judge Herndon should or will rule, this Court deems it prudent to limit discovery to the administrative record until such time as Chief Judge Herndon indicates otherwise. If additional discovery is necessary, the Court will issue a new pretrial schedule.

Plaintiff's amended complaint was filed today. The deadline for filing dispositive motions is January 21, 2008, which is in all likelihood just prior to when the defendants' answer(s) will be due. Obviously, the responsive pleading(s) must be filed regardless of the current dispositive motion deadline. The Court anticipates that the preemption issue will be raised again in the defendants' responsive pleading(s). As previously noted, once Chief Judge Herndon rules on that issue this Court will alter the pretrial schedule as needed.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel the depositions of defendant Minnesota Life's employees and/or to extend the discovery cutoff **(Doc. 36)** is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Minnesota Life's motion for a protective order **(Doc. 40)** is **GRANTED**, in that at this juncture discovery is limited to the administrative record.

**IT IS SO ORDERED.**

DATED: January 3, 2008

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**