IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIMOTHY PRICE,

Plaintiff,

v.

SHERWIN-WILLIAMS COMPANY
GROUP LIFE INSURANCE PLAN,                    No. 06-1040-DRH

Defendant.

## ORDER

HERNDON, Chief Judge:

### I. Background

Before the Court is Plaintiff's Motion to Review Magistrate Judge's Order Pursuant to **Federal Rule of Civil Procedure 72** (Doc. 48). Plaintiff seeks to appeal the January 3, 2008 Order issued by Magistrate Judge Proud, denying Plaintiff's Motion to Compel Depositions of Defendant Minnesota Life Insurance Company's Employees and granting Defendant Minnesota Life and Sherwin-William's motion for protective order (Doc. 45).

Plaintiff filed an Amended Complaint on January 16, 2007, and Sherwin-Williams and Minnesota Life brought motions to dismiss the complaint, arguing that the insurance policy was an ERISA plan which preempted Plaintiff's state law claims. While the motions to strike and dismiss were pending, Plaintiff commenced written discovery and learned two employees in the claims department at Minnesota Life recommended that Plaintiff's claims should be paid. **(Doc. 49, p. 3)**. Plaintiff also

discovered, through written discovery, that Sherwin-Williams agreed with the Minnesota Life personnel that the claim should be paid.  *Id.*  In addition, Plaintiff discovered that Minnesota Life had waived the coverage provision that was at issue in the case, the provision regarding "actively at work."  *Id.*  Minnesota Life had used the provision as its basis in denying Plaintiff's claim.  *Id.*

Based on its findings during written discovery, Plaintiff noticed up the deposition of the two employees at Minnesota Life who recommended the claim be paid, the author of the letter waiving the "actively at work" provision, and the author of the denial letter.  Defendants Minnesota Life and Sherwin-Williams believed that ERISA barred discovery beyond the administrative record and given the motions regarding the applicability of ERISA and the Plaintiff's motion to amend the complaint in order to add a claim based on ERISA, Minnesota Life and Sherwin-Williams argued Plaintiff was not permitted discovery beyond the administrative record and refused the deposition notices.  **(Doc. 39)**.  Plaintiff moved to compel the depositions, while Minnesota Life and Sherwin-Williams sought a protective order to prevent the depositions.  **(Docs. 36 & 40)**.

In his Order denying the motion to compel and granting the protective order, Magistrate Judge Proud found that discovery should be limited to the administrative record until the Court decided whether ERISA preempted the state law matters.  Judge Proud noted that if the defendant insurer was correct and ERISA preempted all state law claims and the scope of discovery was limited to the administrative

record, then discovery would be complete. However, if the Plaintiff was correct, then the depositions of the employees would need to take place. Judge Proud denied Plaintiff's motion to compel and granted Minnesota Life and Sherwin-Williams' protective order until such time as the Court indicated otherwise.

On March 10, 2008, this Court issued its Order regarding the preemption of state claims by ERISA. The Court found that the benefit plan fit within the meaning of ERISA and as an ERISA plan, the state-law claims for breach of contract were therefore preempted under ERISA. **(Doc. 56, p. 9)**. The Court granted both Minnesota Life's motion to strike and dismiss and Sherwin-Williams' motion to dismiss. Further, the Court granted Plaintiff leave to file an amended complaint asserting an ERISA claim for benefits due against the proper defendant, Sherwin-Williams Company Group Life Insurance Plan. **(Doc. 56, p. 12)**. Subsequently, on April 10, 2008, the Court inadvertently dismissed as moot Plaintiff's Motion for Review of the Magistrate's Order per the Court's Order on March 10, 2008. On October 8, 2008, the Plaintiff filed a motion for oral arguments because the matter had not been ruled on. **(Doc. 67)**. The Defendant, Sherwin-Williams Company Group Life Insurance Plan, filed a response to the motion for oral arguments arguing that the Court had all of the necessary documents before it for ruling. **(Doc. 69)**. Having considered the arguments before it, the Court rules as follows.

## II. <u>Legal Standard</u>

Under Local Rule 73.1(a) of the Southern District of Illinois and Federal

Rule of Civil Procedure 72(a), a district judge may modify or set aside a magistrate judge's decision only if the decision is "clearly erroneous or contrary to law." **Fed.R.Civ.P. 72(a)**. A decision is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." ***Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948))**. This means that a district judge can only overturn a decision "if the district court is left with the definite and firm conviction that a mistake has been made." ***Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)**.

District Courts are given broad discretion on matters related to discovery. ***Weeks*, 126 F.3d at 943.** If there are two permissible views, the reviewing court will not overturn the decision solely because it would have chosen the other view.

### III. <u>Analysis</u>

**A.     Motion for Oral Argument**

The Court first notes that Plaintiff has filed a Motion for Oral Arguments pursuant to his motion for review of Order (Doc. 67). The Court notes that the motion for review of Order (Doc. 48) was inadvertently terminated pursuant to the Order dismissing Minnesota Life and Sherwin-Williams (Doc. 56). Plaintiff's motion to review order should not have been dismissed by the Order granting motions to dismiss and strike (Doc. 56) and the Court apologizes for the termination of the motion. Due to the inadvertent termination of the Motion for Review (Doc. 48), the

Court never made a ruling on the motion. However, the Court now finds that is has several briefings from both sides and further oral arguments are not needed. Therefore, the Plaintiff's motion for oral argument is **DENIED**.

**B.     Motion for Review of Magistrate Judge's Order**

Plaintiff presents several arguments for finding that Judge Proud erred in denying his motion to compel and granting Defendant's motion for protective order. Plaintiff first argues that language granting the administrator discretion to deny benefits appears only in the summary plan description and not the policy itself. The Plaintiff also argues that even if the language is operable, it is not enough to grant discretionary authority.

The discovery issue in this case hinges upon whether the administrator's decision should be reviewed under the arbitrary and capricious or the *de novo* standard of review. Although discovery is allowed in *de novo* cases, discovery beyond the administrative record is not appropriate when the standard for review is arbitrary and capricious. **Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan, 195 F.3d 975, 981-82 (7th Cir. 1999)**. In *Perlman*, the 7th Circuit noted that when the arbitrary and capricious standard is used, "review is limited to the evidence that was submitted in support of the application for benefits." *Id.* **at 982.**

While Judge Proud denied Plaintiff's motion to compel, he never specifically dealt with the standard of review issue. Judge Proud noted that if Defendant was

correct about its ERISA preemption argument which was pending before the Court and the limitation on the scope of discovery to the administrative record, then discovery would be complete. However, Judge Proud never specifically determined the applicable standard of review which would determine whether Plaintiff would be permitted to take the depositions of certain employees of Minnesota Life and Sherwin-Wiliams and extend the discovery period to permit those depositions. Nor did he determine that discovery was inappropriate in this case, instead finding that discovery should be limited until such time as this Court indicated otherwise.

Defendant points to language in the Summary Plan Description that purports to grant discretion to the Plan Administrator. **(Doc. 40, Ex. A).** Defendant points to language stating that "the Plan Administrator oversees the operation and records of a plan, interprets plan provisions and authorizes benefit payments" and that "[t]he Plan Sponsor reserves the right to interpret, change or terminate the Plan's operation in the future" to confer discretionary authority. **(Doc. 40, Ex. A, pp. 24, 25).** The Defendant further points to language in the certificate of insurance that purports to grant discretionary authority. **(Doc. 40, Ex. A, pp. 9,10,11) ("We will pay the death benefit upon receipt at our home office of written proof satisfactory to us that an individual died while insured under this policy.").**

While Plaintiff first argues that this language is inapplicable because it is found in the summary plan description and the certificate of insurance, the Court will first address Plaintiff's argument that the language does not meet the required standard

to grant discretionary authority. If the language stated in the certificate of insurance and summary plan description does not grant discretionary authority, then it does not matter where that language is located. Plaintiff notes that the standard for overcoming the *de novo* presumption is a rigorous one and argues that the language of the Plan does not meet the safe-harbor language provided by the 7th Circuit nor does it match language in the cases cited by the Defendant itself.

Decisions of plan administrators presumptively receive *de novo* review, unless the plan establishes "discretionary authority to determine eligibility for benefits or to construe the terms of the plan." **Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).** *De novo* review is the default standard when "the plan documents contain no indication of the scope of judicial review" because it is a natural extension of *Bruch* to "construe uncertain language concerning the scope of judicial review as favoring plenary review." ***Diaz v. Prudential Ins. Co. of America*, 424 F.3d 635, 637 (7th Cir. 2005) (citing *Herzberger v. Standard Ins. Co.*, 205 F.3d 327, 330 (7th Cir. 2000)**. In determining whether the plan establishes discretionary authority, the Court must look at the language of the plan. ***Perugini-Christen v. Homestead Mortgage Co.*, 287 F.3d 624, 626 (7th Cir. 2002)**.

Although the 7th Circuit has provided "safe-harbor" language that it recommends be used to convey discretionary authority, it has noted that no "magic words" are required. ***Herzberger*, 205 F.3d at 331 (The safe-harbor language**

**recommended by the 7th Circuit states that: "Benefits under this plan will be paid only if the plan administrator decides in his discretion that the applicant is entitled to them.").** Instead, the main issue of inquiry is "whether the plan gives the employee adequate notice that the plan administrator is to make a judgment within the confines of pre-set standards, or if it has the latitude to shape the application, interpretation, and content of the rules in each case." *Diaz,* **424 F.3d at 639-40.**

Defendant first points to language in its summary plan description which provides that "[t]he Plan Sponsor reserves the right to interpret, change or terminate the Plan's operation in the future," arguing that such language provides the administrator with discretionary authority. However, in *Ramsey v. Hercules, Inc.*, the 7th Circuit reviewed similar language, finding that such plan language did not grant discretionary authority. **77 F.3d 199, 206 (7th Cir. 1996) (finding that language reserving the "right to modify, suspend, or end this plan at any time" was a routine clause informing participants that the administrator made no promises to not make changes to the plan and labeled the language as amendment language).**

Defendant also points to language found throughout the certificate of insurance requiring satisfactory evidence of insurability and death while insured. **(Doc. 39; Doc. 40, Ex. A, pp. 9, 10 & 11) ("We will pay the death benefit upon receipt at our home office of written proof satisfactory to us that an individual**

**died while insured under the policy")**. While this language differs from the safe-harbor language provided by the 7th Circuit, there are no magic words required to convey discretion and the 7th Circuit has found on at least two occasions "satisfactory to us" language sufficient to convey discretionary authority on the administrator. ***Herzberger*, 205 F.3d at 331 (noting that language requiring the beneficiary to submit proof "satisfactory to us" was enough to signal "subjective, discretionary character of the judgment that was to be made") (See *Donato v. Metropolitan Life Insurance Co.*, 19 F.3d 375, 379 (7th Cir. 1994); *Bali v. Blue Cross & Blue Shield Ass'n*, 873 F.2d 1043 (7th Cir. 1989)).**

However, in both ***Diaz*** and ***Schwartz v. Prudential Ins. Co. of America*, 450 F.3d 697 (7th Cir. 2006),** the 7th Circuit reviewed "satisfactory to us" language in two identical plans, finding that the term "satisfactory to us" would not, by itself, be enough to give an employee notice as to whether the plan conveyed discretion to the administrator. ***Diaz*, 424 F.3d at 639.** Instead, the important question is "whether the plan gives the employee adequate notice that the plan administrator is to make a judgment within the confines of pre-set standards, or if it has the latitude to shape the application, interpretation, and content of the rules in each case." ***Id.* at 639-40.** In *Diaz*, the 7th Circuit found that language requiring the beneficiary to submit "proof of continuing disability, satisfactory to Prudential" did not grant the administrator discretion in determining when a person was disabled; the administrator only had discretion to determine what forms were adequate forms of

proof. ***Id.* at 639.** The 7th Circuit also held that this determination was the proper test for determining whether the plan grants the administrator discretion and to the extent that *Bali* and *Dalanto* were inconsistent with the current test, those cases were disagreed with. ***Id.* at 640.**

Here, the language cited by Defendant seems more in line with the language presented in *Diaz* and *Schwartz*. The certificate of insurance provides that the employee provide "evidence satisfactory to us of the good health of the prospective insured" and that benefits will be paid upon receipt of "written proof satisfactory to us that an individual died while insured under the policy." The former uses language very similar to the "satisfactory" language used in *Diaz*, which found that such language does not grant discretion. The latter fails to provide any notice that the administrator has latitude in shaping "the application, interpretation, and content of the rules" in this case. ***Id.* at 639-40**.

However, Defendant argues that less conspicuous language in other policies has been sufficient to grant discretion to the administrator. **(Doc. 40, p. 7)(citing *Semien v. Life Ins. Co. of North America*, 436 F.3d 805, 810-11 (7th Cir. 2006)(the claims administrator had by the terms of the plan sole discretion to determine eligibility for benefits and"[a]ll decisions or determinations made by the claims administrator and the Plan Administrator [were] final and binding on all parties unless such party [had] acted in an arbitrary and capricious nature"); *Shyman v. Unum Life Ins. Co.*, 427 F.3d 452, 455 (7th Cir.**

**2005)("...discretionary authority to determine your eligibility for benefits and to interpret the terms and conditions of this Policy")).** In those cases, there was no dispute that the language provided for the arbitrary and capricious standard. The language clearly granted the administrator discretion in determining benefits.

However, the language cited by Defendant in the certificate of insurance and summary plan description is not clear like the language in *Semien* and *Shyman*. The language does not use the words "discretion" or "arbitrary and capricious." Nowhere does the description or certificate state that the administrator has discretion to determine eligibility. Even though the summary plan description does state that the administrator "oversees the operation and records of a plan, interprets plan provisions and authorizes benefit payments," the plan does not clearly give discretionary authority to the administrator. The 7th Circuit has stated that *de novo* review is not rebutted by a plan merely stating "benefits will be paid only if the plan administrator deems they are due." **Herzberger, 205 F.3d at 331.** The language instead must "clearly and unequivocally state that it grants discretionary authority to the administrator." **Perugini-Christen, 287 F.3d at 626.** The language submitted to the Court by the Defendant is just not clear and since the ERISA plan is a contract, like a contract, all ambiguities are construed against the insurer. **Schwartz, 450 F.3d at 699(citing *Ruttenberg v. U.S. Life Ins. Co.*, 413 F.3d 652 (7th Cir. 2005)).** Furthermore, the 7th Circuit has provided clear language to use in order to confer discretion, and the Defendant chose not to use that language.

The Defendant could have provided a clear indication that its plan granted discretion to the administrator, but it chose not to. Therefore, the Court finds that the language presented in the summary plan description and the certificate of insurance do not convey discretion upon the administrator. It is noted that the Defendant relied upon the language in the plan summary and the certificate of insurance. Consequently, the Court assumes that such language presents the strongest possible case that could be presented for Defendant. That the Defendant chose not to present the Plan itself is a fact that the Court chooses to infer can be interpreted against the interests of the Defendant. Therefore, for all the reasons cited, the *de novo* standard of review is appropriate and discovery should not be limited to the administrative record.

## IV. Conclusion

Therefore, the Court **GRANTS** Plaintiff's motion for review of the magistrate judge's order (Doc. 48) and **GRANTS** Plaintiff's motion to compel depositions (Doc. 36). Further, the Court **DENIES** Defendant's motion for protective order (Doc. 40) and Plaintiff's motion for hearing for oral arguments (Doc. 67).

**IT IS SO ORDERED.**

Signed this 18th day of November, 2008.

/s/ David R Herndon
**Chief Judge**
**United States District Court**